## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| SAMANTHA LYN HODGES, | ) | Case No. 24-30272-lkg |
| | ) | |
| Debtor. | ) | Adversary No. |
| _____ | ) | |
| | ) | |
| ROBERT E. EGGMANN, solely in his | ) | |
| capacity as chapter 7 trustee | ) | |
| for Debtor Samantha Lyn Hodges, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIVE LAKES LAW GROUP, PLLC, | ) | |
| an Illinois limited liability company, | ) | |
| | ) | |
| Serve:  Registered Agent | ) | |
| CT Corporation System | ) | |
| 208 So. LaSalle Street, Suite 814 | ) | |
| Chicago, Illinois  60604-1101 | ) | |
| | ) | |
| Defendant. | ) | |

### TRUSTEE'S ADVERSARY COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, PURSUANT TO 11 U.S.C. §§ 548 AND 550

COMES NOW Plaintiff Robert E. Eggmann, trustee in bankruptcy for Debtor Samantha Lyn Hodges, by and through the undersigned counsel, pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and for Trustee's Adversary Complaint to Avoid and Recover Fraudulent Transfers, Pursuant to 11 U.S.C. §§ 548 and 550 against Defendant Five Lakes Law Group, PLLC respectfully states as follows:

### Jurisdiction and Venue.

1.     The filing of this *Trustee's Adversary Complaint to Avoid and Recover Fraudulent Transfers, Pursuant to 11 U.S.C. §§ 548 and 550* (the "Complaint") commences an

adversary proceeding within the meaning of Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2.　　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 as this proceeding arises in the chapter 7 bankruptcy case of Debtor Samantha Lyn Hodges ("Debtor"). Venue is proper pursuant to 28 U.S.C. §§ 1408-1409.

3.　　　This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

4.　　　Plaintiff Robert E. Eggmann ("Plaintiff" or "Trustee"), trustee in bankruptcy of Samantha Lyn Hodges, consents to the entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

**Parties.**

5.　　　On April 29, 2024 (the "Petition Date"), Debtor filed a voluntary bankruptcy petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Illinois (this "Court").

6.　　　Trustee is the duly appointed, qualified trustee in Debtor's chapter 7 bankruptcy case.

7.　　　Upon information and belief, Defendant Five Lakes Law Group, PLLC ("Defendant") is an Illinois limited liability company doing business in the States of Illinois and Michigan and may be served with process in care of its registered agent, CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago, Illinois 60604-1101.

## COUNT I

### AVOIDANCE OF FRAUDULENT TRANSFER MADE BY DEBTOR TO DEFENDANT, PURSUANT TO 11 U.S.C. § 548(a)(1)

Comes now Plaintiff Robert E. Eggmann, chapter 7 trustee for the bankruptcy estate of Samantha Lyn Hodges, and for Count I of his Complaint against Defendant states as follows:

8.      Trustee restates and incorporates by reference the allegations set forth in the Paragraphs 1 through 7 of this Complaint as if more fully set forth herein.

9.      The Bankruptcy Code allows a trustee to avoid certain pre-petition transfers made by debtors to third parties as follows:

> [t]he trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> **(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> **(B)(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>> **(ii)(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

11 U.S.C. § 548(a)(1).

10.      According to Debtor's sworn statement, during the two-year period immediately preceding the Petition Date, Debtor paid to Defendant the approximate sum of $450.00 per month for a total of $6,893.89 (collectively, the "Transfer").

11.      Trustee is informed and believes that Debtor paid the Transfer to Defendant for alleged debt relief services.

12.      Upon information and belief, the Transfer to Defendant was fraudulent because it was made with actual intent to hinder, delay, or defraud her creditors.

13.     In the alternative, the Transfer to Defendant was made by the Debtor without receiving a reasonably equivalent value in exchange for the Transfer, and the Debtor was insolvent at that time or became insolvent as a result of the Transfer to Defendant.

14.     The Transfer occurred within two (2) years prior to the Petition Date.

15.     Based upon the foregoing, the Transfer by Debtor to Defendant was a fraudulent transfer subject to avoidance by the Trustee, pursuant to Section 548(a)(1) of the Bankruptcy Code.

WHEREFORE, Plaintiff Robert E. Eggmann, Trustee prays this Court enter its Order avoiding the Transfer to Defendant in the amount of $6,893.89, pursuant to Section 548(a)(1) of the Bankruptcy Code, and for such other relief as this Court deems just and proper.

## COUNT II

## RECOVERY OF FRAUDULENT TRANSFER MADE BY DEBTOR TO DEFENDANT, PURSUANT TO 11 U.S.C. § 550

Comes now Plaintiff Robert E. Eggmann, Trustee and for Count II of his Complaint against Defendant states as follows:

16.     Trustee restates and incorporates by reference the allegations set forth in the Paragraphs 1 through 15 of this Complaint as if more fully set forth herein.

17.     With respect to certain pre-petition transfers avoided by a trustee, the Bankruptcy Code provides as follows:

> . . . to the extent that a transfer is avoided under section . . . 548 of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
> **(1)** the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> **(2)** any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

18.     Defendant was the "initial transferee" of the Transfer by Debtor. Therefore, Trustee may recover the full amount of the fraudulent transfer from Defendant for the benefit of the bankruptcy estate, pursuant to Section 550(a)(1) of the Bankruptcy Code.

19.     Trustee is entitled to recover accrued interest at the federal rate of interest from the date of service of this Complaint.

20.     Trustee made demand upon Defendant for payment of the Transfer, as further evidenced by the certain letter from Trustee to Defendant dated June 17, 2024, a true copy of which demand letter is attached hereto as **Exhibit 1** and incorporated herein by this reference.

21.     Despite Trustee's demand that Defendant pay the value of the Transfer to Trustee, Defendant has failed and refused to do so or otherwise respond to Trustee. Accordingly, Trustee is entitled to an award of his attorney's fees in connection with this Complaint due to Defendant's failure and refusal to respond to the demand.

WHEREFORE, Trustee Robert E. Eggmann prays this Court enter its Order in favor of Trustee against Defendant, awarding to Trustee the value of the Transfer in the amount of $6,893.89, plus Trustee's costs, interest and attorney's fees, disallowing all claims filed by said Defendant or any amounts owed to said Defendant, and for such other relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE

By: */s/ Robert E. Eggmann*
ONE OF HIS ATTORNEYS

Robert E. Eggmann, Illinois Bar # 6203021
Becky R. Eggmann, Illinois Bar # 6203020
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com
bre@carmodymacdonald.com

# ROBERT E. EGGMANN
## CHAPTER 7 TRUSTEE IN BANKRUPTCY

**2227 South State Route 157**
**Edwardsville, IL 62025**
**(618) 222-1900 Telephone**
**(314) 854-8660 Fax**
**reetrustee@carmodymacdonald.com**

June 17, 2024

Five Lakes Law Group PLLC
3166 N. Lincoln Ave., Ste. 206
Chicago, IL 60567

CT Corporation System, Registered Agent
for Five Lakes Law Group PLLC
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

Five Lakes Law Group PLLC
26711 Northwestern Hwy. #350
Southfield, MI 48033

CT Corporation System, Registered Agent
for Five Lakes Law Group PLLC
40600 Ann Arbor Rd. E., Ste. 201
Plymouth, MI 48170

Five Lakes Law Group PLLC
PO Box 8280
Philadelphia, PA 19104

The Corporation Company, Registered Agent
for Five Lakes Law Group PLLC
40600 Ann Arbor Rd. E.
Plymouth, MI 48170

Re:   Samantha Lyn Hodges, Debtor
      Bankruptcy Case No. 24-30272

To Whom It May Concern:

Please be advised that I am the chapter 7 bankruptcy trustee for Samantha Lyn Hodges ("Debtor"). Debtor's bankruptcy case was commenced on April 29, 2024 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of Illinois.  Enclosed you will find the Notice of Chapter 7 Bankruptcy Case demonstrating my appointment.

The Trustee has the ability, and indeed the obligation, to take action to ensure that those assets included in the bankruptcy estate are maximized for the benefit of creditors. The Bankruptcy Code permits the recovery of certain transfers of an interest of property made by Debtor to creditors within a specified period prior to the commencement of the bankruptcy case. In particular, 11 U.S.C. §§ 548 and 550 provide for the avoidance and recovery of "fraudulent transfers" made by Debtor within a two-year period preceding the Petition Date. Illinois law provides for the recovery of fraudulent transfers as well, pursuant to 740 ILCS §§ 160/1, *et seq*., enforceable by a chapter 7 trustee through the strong-arm powers provided by the Bankruptcy Code under 11 U.S.C. § 544. Certain transfers recoverable under this provision may be avoided within four years after such transfers were made.

Debtor has disclosed that they made payments to Five Lakes Law Group PLLC within the two years immediately prior to the Petition Date totaling $6,893.89. Debtor characterized the transfers

*EXHIBIT 1*

to Five Lakes Law Group PLLC as payments made for assistance with debt consolidation. It is my position that these transfers constitute fraudulent transfers, as the payments were made without reasonably equivalent value in exchange. I am thus statutorily entitled to recover the same on behalf of the bankruptcy estate.

**Demand is hereby made upon you to immediately turn over the sum of $6,893.89 to the bankruptcy estate, representing the fraudulent transfers made to Five Lakes Law Group PLLC.**

The check or money order should be made payable to "Robert E. Eggmann, Chapter 7 Trustee for Samantha Lyn Hodges" and should be sent to me at the above address.

In order to reduce additional expense, I would request that Five Lakes Law Group respond in writing either by forwarding the above amount or specifically explaining your defenses and providing the underlying supporting documentation.  Please do not respond by telephone, as any valid defense would require documentation in written form.

If I receive either payment in full or a written response providing a valid legal defense, I will respond promptly and attempt to resolve the matter without litigation.  If I do not receive such a response by July 17, 2024, a suit may be filed against Five Lakes Law Group PLLC in the United States Bankruptcy Court for the Southern District of Illinois in East St. Louis for the recovery of the fraudulent transfers, including court costs.  The Bankruptcy Code provides some exceptions to the recovery of these types of payments. You should consult your own attorney for legal advice regarding this matter.

Thank you for your immediate attention to this matter.

Sincerely,

/s/ Robert E. Eggmann
Robert E. Eggmann
Chapter 7 Trustee

REE/kjd

Enclosure

*EXHIBIT 1*

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1: | **Samantha Lyn Hodges** | Social Security number or ITIN: | xxx–xx–4990 |
| | First Name    Middle Name    Last Name | EIN: _ _ – _ _ _ _ _ _ _ | |
| Debtor 2: (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN: _ _ _ _ | |
| | | EIN: _ _ – _ _ _ _ _ _ _ | |
| United States Bankruptcy Court: | Southern District of Illinois | Date case filed for chapter: | 7    4/29/24 |
| Case number: | 24–30272–lkg | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline          10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Samantha Lyn Hodges | | |
| 2. | **All other names used in the last 8 years** | aka Samantha Hodges, aka Sam Hodges, aka Samantha L Hodges, aka Samantha Lyn Schaaf, aka Sam Schaaf, aka Samantha L Schaaf, aka Samantha Schaaf | | |
| 3. | **Address** | 208 Mounier St Alton, IL 62002 | | |
| 4. | **Debtor's attorney** Name and address | Jerry D Graham Jr JD Graham PC 1 Eagle Center Suite 3A O'Fallon, IL 62269 | | Contact phone (618) 235–9800 Email: court@jdgrahamlaw.com |
| 5. | **Bankruptcy trustee** Name and address | Robert E Eggmann Trustee in Bankruptcy 2227 Illinois Route 157 Edwardsville, IL 62025 | | Contact phone (618) 222–1900 Email: reetrustee@carmodymacdonald.com |

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**          page 1

*EXHIBIT 1*

Debtor **Samantha Lyn Hodges**                                                                                    Case number **24–30272–lkg**

| | | |
|---|---|---|
| 6. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 750 Missouri Ave<br>East St Louis, IL 62201 |

Hours open:
8AM – 4:30PM Monday thru Friday
Contact phone (618) 482–9400
Date: 4/30/24

| | | |
|---|---|---|
| 7. | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **June 7, 2024 at 09:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. |

Location:

**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 999 509 1989, and Passcode 7090569732, OR call (314) 238–8229**

For additional meeting information go to **https://www.justice.gov/ust/moc**

| | | |
|---|---|---|
| 8. | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

| | | |
|---|---|---|
| 9. | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** |

**Filing deadline: 8/6/24**

**You must file a complaint:**
- if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or
- if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).

**You must file a motion:**
- if you assert that the discharge should be denied under § 727(a)(8) or (9).

**Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing deadline:** 30 days after the *conclusion* of the meeting of creditors

| | |
|---|---|
| 10. **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

| | |
|---|---|
| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | |
|---|---|
| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                    page 2

*EXHIBIT 1*